**WO**                                                                                         NN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Daniel, ) | No. CV 07-0051-PHX-EHC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| United States Government, et al., ) | |
| Defendants. ) | |

**Procedural History**

On January 11, 2007, Petitioner Daniel filed a Complaint (Dkt. 1), alleging the Internal Revenue Service ("IRS") committed fraud by issuing 24 illegal third-party summonses in its criminal investigation of Petitioner for federal income tax liability. Besides the United States, he named the Department of the Treasury ("Treasury Department"), the IRS, and IRS Special Agent Melissa Milligan ("Milligan") as defendants. Petitioner requests the following relief: to halt all summons enforcement; grant punitive damages; reimburse litigation expenses; grant a jury trial; and grant injunctive relief to prohibit Defendants from engaging in further fraudulent conduct and executing the summonses and related collection actions. (Dkt. 1, pp. 4-5).

On March 14, 2007, the *United States Motion for Summary Denial of Plaintiff's Petition to Quash Summons* ("Motion to Dismiss") (Dkt. 6) was filed. Defendants argue that

1  the Court lacks subject matter jurisdiction over Petitioner's claims pursuant to Rule 12(b)(1)
2  of the Federal Rules of Civil Procedure.  On May 21 2007, Daniel filed an *Answer to*
3  *Defendants' Motion for Summary Denial of Petitioner's Petition to Quash Summons*
4  ("Petitioner's Response") (Dkt. 15).

5  On April 10, 2007, Daniel filed two *Petition[s] to Quash Summons*: ("Petition 1")
6  (Dkt. 9) and ("Petition 2") (Dkt. 11), each of which alleges another illegally issued third-
7  party summons.  The *United States' Response to Petitioner's Petitions to Quash Summons*
8  (Dkt. 12) was filed on April 23 2007, and on May 21, 2007, Petitioner filed a *Reply to*
9  *Defendants' Response to Petitioner's Petitions to Quash Summons* (Dkt. 16).

10 Daniel filed another *Petition to Quash Summonses* ("Petition 3") on May 7, 2007,
11 which alleges four additional illegally issued third-party summonses.  The *United States'*
12 *Response to Petitioner's Petition to Quash Summonses [Rec. Doc. 14], Petitioner's Answer*
13 *[Rec. Doc. 15], and Petitioner's Reply [Rec. Doc. 16]* (Dkt. 17) was filed on June 5, 2007.

### Motion to Dismiss and Petition 3

15 "In sovereign immunity analysis, any lawsuit against an agency of the United States
16 or against an officer of the United States in his or her official capacity is considered an action
17 against the United States." Balser v. Dep't of Justice, Office of the U.S. Tr., 327 F.3d 903,
18 907 (9th Cir. 2003). Additionally, "a suit against IRS employees in their official capacity is
19 essentially a suit against the United States. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.
20 1985) (citation omitted).  Milligan, in her official capacity as a special agent for the IRS,
21 caused the 30 summonses listed in the Complaint and Petitions 1, 2, and 3 to be issued.
22 Therefore, Plaintiff's action against Milligan, the IRS, and the Treasury Department are
23 essentially actions against the United States and "all are afforded the protection of sovereign
24 immunity . . ." See Tracy v. United States, 243 F.R.D. 662, 665 (D.Nev.2007).

25 "Absent a waiver, sovereign immunity shields the Federal Government and its
26 agencies from suit." Dep't. of Army v. Blue Fox, Inc., 525 U.S. 255, 260, 119 S.Ct. 687, 690
27 (1999) (quoting FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)).

The IRS has the authority to issue a third-party summons pursuant to 26 U.S.C. § 7602, and certain parties have a right to intervene via a proceeding to quash, which constitutes a waiver of immunity. See 26 U.S.C. § 7609(b).  However, the provision lists several exceptions to this right; it does not extend to a summons "issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7609(c)(2)(E)(i). The United States has not waived it sovereign immunity with respect to the 24 third-party summonses and the four additional third-party summonses listed in Petition 3.  As such, Petitioner lacks standing to file suit against the United States, and the Court does not have subject matter jurisdiction to hear the matter.

Petitioner's Response does not have merit.  His only legitimate argument relies on 26 U.S.C. § 7433[1] which is a waiver of sovereign immunity if the IRS employee or officer recklessly, intentionally, or negligently disregards any provision of the Internal Revenue Code.  Daniel has not provided any evidence to support this contention.

Although not necessary given its conclusion that sovereign immunity bars Petitioner's action, the Court also points to 26 U.S.C. § 7421(a) which states that, with some exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

### Petitions 1 and 2

In Petitions 1 and 2 (Dkts. 9, 11), Petitioner alleges two more illegal IRS third-party summonses. However, as already noted, the right to begin a proceeding to quash a third-party summons is limited; in this circumstance, not only do the two summonses fall under the

---

[1] "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States."26 U.S.C. § 7433(a).

exception in 26 U.S.C. § 7609(c)(2)(E)(i)[2], they do not pertain to any person who is not a third-party recordkeeper. 26 U.S.C. § 7609(c)(2)(E)(ii). The two parties who were summoned, one of whom is Petitioner's business associate and the other, who is his housekeeper and bookkeeper, are not third-party recordkeepers. Therefore, Petitioner is prohibited from exercising the right to begin a proceeding to quash the summonses in question. The United States has not waived its sovereign immunity.

Daniel also alleges that the IRS summonses were not issued in good faith nor conducted for a legitimate purpose, and that they do not meet the procedural requirements of 26 U.S.C. §§ 7602, 7603, and 7609. There is no evidence that the summonses do not meet said procedural requirements, nor that they were issued in bad faith or for an illegitimate purpose.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Dkt. 6) is **granted.** This action is **dismissed with prejudice.**

**IT IS FURTHER ORDERED** that Petitions 1, 2, and 3 (Dkts. 9, 11, and 14) are **dismissed with prejudice.**

DATED this 18th day of March, 2008.

*Earl H. Carroll*
_____
Earl H. Carroll
United States District Judge

---

[2] The summonses were "issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7609(c)(2)(E)(i).